**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

BOBBIE OLIVER                                CIVIL ACTION NO. 18-1360

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

LOUISIANA RIVERBOAT GAMING                   MAGISTRATE JUDGE HAYES
PARTNERSHIP D/B/A DIAMOND
JACK CASINO

### MEMORANDUM ORDER

Before the Court is a Partial Motion to Dismiss, or in the alternative a Motion for a More Definite Statement (Record Document 10) filed by Defendant Louisiana Riverboat Gaming Partnership doing business as Diamond Jack Casino ("Diamond Jack" or "Defendant"). Plaintiff Bobbie Oliver ("Plaintiff") filed an opposition (Record Document 12). Defendant did not file a reply.

### FACTUAL BACKGROUND

Plaintiff filed the instant suit in October 2018 alleging, among other things, that she was terminated from her job as a janitor at Diamond Jack because of her race, gender, age, and disability. See Record Document 1. The complaint alleges violations of the Americans with Disabilities Act ("ADA"); race and gender discrimination under Title VII of the Civil Rights Act of 1964; age discrimination under the Age Discrimination in Employment Act ("ADEA"); violations of the Family and Medical Leave Act ("FMLA"); and violations of Louisiana's anti-discrimination laws. See id.

### LAW AND ANALYSIS

Defendant seeks to dismiss the ADA claims; race, gender, and age discrimination claims; and the state law claims. See Record Document 10. In her opposition, Plaintiff

agrees to dismiss the ADA and gender discrimination claims. See Record Document 12 at 1. Thus, the ADA and gender discrimination claims are hereby **DISMISSED WITH PREJUDICE**. The remaining claims—race discrimination, age discrimination, and the state law claims—are contested. See id. at 2–3.

Defendant moves to dismiss the race and age discrimination claims on the grounds that Plaintiff failed to plead those claims "with the requisite level of specificity." Record Document 10-1 at 7. More specifically, Defendant contends Plaintiff only provides conclusory allegations to support her race and age discrimination claims. See id. The Court agrees. Plaintiff has failed to plead sufficient facts to set forth a plausible claim that she was fired *because of* her race and age.

To survive a motion to dismiss, the plaintiff must meet the "plausibility" standard set forth in Bell Atlantic Corp. v. Twombly and its progeny. 550 U.S. 544, 127 S. Ct. 1955 (2007). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555–56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Based on the allegations alleged in the Complaint, a reasonable court could not draw the necessary inference that Defendant discriminated against Plaintiff because of her race or age. Rather, Plaintiff merely provided conclusory allegations of race and age-based discrimination. For example, one of the Complaint's only mention of race-based discrimination is a conclusory statement: "[D]iamond Jack has a pattern and/or practice

and/or history of treating white employees, including white females differently from African American employees, including African American females, including [sic] regarding termination, disciplinary actions, promotions, and pay equity." Record Document 1 at 3. The Complaint makes an almost identical statement regarding age-based discrimination. These conclusory allegations are insufficient to survive a motion to dismiss.

Plaintiff contends, however, that she plead sufficient facts to survive a motion to dismiss because she can satisfy the *prima facie* case for race and age-based discrimination. See Record Document 12 at 1–2. The Court disagrees. The Supreme Court has made clear that "a formulaic recitation of the elements of a cause of action," is insufficient to meet the plausibility standard. Iqbal, 556 U.S. at 678. Furthermore, the Fifth Circuit has held that mere assertion of racial discrimination "is a legal conclusion that the court is not required to accept." Richards v. JPK Property Holdings, 405 F. App'x 829, 831 (5th Cir. 2010). Therefore, Plaintiff has failed to meet the plausibility standard with respect to race and age-based discrimination.

Plaintiff also sought leave to amend her Complaint to cure the above deficiencies. The Fifth Circuit has reiterated that, "a court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." Byrd v. Bates, 220 F.2d 480, 482 (5th Cir. 1955). Thus, the Court will permit Plaintiff to file an amended complaint to cure the above deficiencies and to more specifically allege race and age-based discrimination.

Accordingly;

**IT IS ORDERED** that the Motion to Dismiss (Record Document 10) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is granted as to Plaintiff's ADA and gender

discrimination claims, which are hereby **DISMISSED WITH PREJUDICE**. In all other respects, Defendant's motion is **DENIED**.

Plaintiff shall have twenty-one (21) days to amend her Complaint to cure the above deficiencies. If Plaintiff fails to do so, her defective claims against Defendant will be dismissed with prejudice.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 19th day of February, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT