UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BOBBIE OLIVER | CIVIL ACTION NO. 18-1360 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LOUISIANA RIVERBOAT GAMING PARTNERSHIP D/B/A DIAMOND JACKS CASINO | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is a Renewed Partial Motion to Dismiss, or in the alternative a Motion for More Definite Statement (Record Document 25) filed by Defendant Louisiana Riverboat Gaming Partnership d/b/a Diamond Jacks Casino ("Diamond Jacks").[1] Plaintiff Bobbie Oliver ("Oliver") filed an opposition. See Record Document 27. Diamond Jacks did not file a reply.

**FACTUAL BACKGROUND**

Oliver filed the instant lawsuit in October 2018 alleging she was terminated from her housekeeping supervisor position at Diamond Jacks[2] because of her race, gender, age, and disability. See Record Document 1. Her initial complaint charged Diamond Jacks with violating the Americans with Disabilities Act ("ADA"), the race and gender provisions of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act

---

[1] Due to the Court's close geographic proximity, it is keenly aware of the financial difficulties Defendant is currently facing, including the permanent closure of Diamond Jacks Casino on May 15, 2020. Significantly for the instant claims and potential recovery, the Court notes that Louisiana Riverboat Gaming Partnership remains an active business organization according to the Louisiana Secretary of State's Office and no bankruptcy proceedings have commenced as of the date of this decision.

[2] Despite court filings labeling the name of the casino as singular, the Court will refer to the Defendant as "Diamond Jacks," in accordance with public records.

("ADEA"), the Family and Medical Leave Act ("FMLA"), and Louisiana state anti-discrimination laws. See id.

After Diamond Jacks filed its first Partial Motion to Dismiss (Record Document 10), Oliver agreed to fold her ADA and gender discrimination claims in her opposition memorandum. See Record Document 12. The Court dismissed these claims with prejudice and considered the remaining race and age discrimination claims, ultimately agreeing that Oliver had failed to set forth sufficient facts demonstrating a plausible claim that she was fired *because* of her race and age. See Record Document 17 (emphasis in original). However, the Court permitted Oliver to file an amended complaint to cure any deficiencies and more precisely raise specific race and age discrimination factual allegations. See id. at 3.

Oliver proceeded to file an Amended Complaint with minimal revisions to the remaining discrimination claims. See Record Document 18. These slight edits are the subject of the instant Motion filed by Diamond Jacks, arguing that Oliver still has not pleaded her claims with the requisite specificity to survive a 12(b)(6) motion, or alternatively, that she must file a more definite statement pursuant to Rule 12(e). See Record Document 25. Oliver's opposition closely resembles her opposition to Diamond Jacks' first motion to dismiss, in that it similarly goes element-by-element for each of her discrimination claims to demonstrate sufficient factual allegations have been pled. See Record Document 27.

**LAW AND ANALYSIS**

    A. **Legal Standards**

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). A complaint attacked by Rule 12(b)(6) does not need detailed factual allegations but requires more than labels and conclusions. See Twombly, 550 U.S. at 555. Importantly, a "formulaic recitation of the elements of a cause of action will not do." Id. When evaluating a pleading, courts must accept all factual allegations as true, but need not accept legal conclusions as facts. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

Because the Federal Rules of Civil Procedure evince a strong, liberal standard for pleadings, "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 998 (2002). The proper action to take when a pleading fails to specify allegations in a manner that provides adequate notice, is for a defendant to move for a more definite statement under Rule 12(e) prior to filing his responsive pleading. See id. Specifically, Rule 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); Schlumberger Tech. Corp. v. McReynolds, 2016 WL 4597627 at *2 (W.D. La. Sept. 1, 2016).

### B. Analysis

Oliver's Amended Complaint makes two substantive substitutions to her initial filing in an attempt to cure previous deficiencies. See Record Document 18. She amends Paragraph 13 from its entirely conclusory predecessor—accusing Diamond Jacks of having "a pattern and/or practice and/or history" of treating white employees differently than African American employees—to a slightly more detailed description of what these differences include.[3] Oliver similarly amends Paragraph 14 from the same original "pattern, practice, or history" language to allegations of the same disparate treatment due to her age.[4]

Diamond Jacks' Motion argues these edits do not remedy the issues found in Oliver's initial complaint, as they are still "blanket, conclusory statements." Record Document 25-1 at 4. Tellingly, Oliver's opposition closely mirrors her opposition to Diamond Jacks' first motion to dismiss (Record Document 12), in that it lists the prima facie elements for race and age discrimination claims and argues the pleaded facts fit into these elements. See Record Document 27. However, as the Court has repeatedly stressed and the law makes abundantly clear, a "formulaic recitation of the elements of a cause of action" is not enough to withstand a 12(b)(6) motion to dismiss. Twombly, 550 U.S. at 555.

---

[3] Amended Paragraph 13 provides that Oliver was terminated for being physically unable to work, without exhausting all leave, while white employees have been allowed to complete their leave. It also states that Oliver was terminated for an injury, whereas other employees have retained their jobs and simply been left off the schedule. See Record Document 18.

[4] Amended Paragraph 14 provides that Oliver was terminated for being physically unable to work, without exhausting all leave, while younger employees have been allowed to complete their leave. It too states that she was terminated for an injury when other employees have retained their jobs and simply been left off the schedule. See id.

Without question, Oliver's Amended Complaint alleges more facts that could give rise to race and age discrimination claims than her initial filing. Yet, the claims of differential treatment towards white and younger employees continue to lack specificity. Revised Paragraphs 13 and 14 still contain conclusory allegations without any particular facts supporting Oliver's claims that her situation was dealt with differently than others in similar circumstances. The demands of notice pleading require that Oliver adequately make Diamond Jacks aware of the claims she has against them. The Amended Complaint, as it currently stands, does not do so.

Recognizing that the essence of Oliver's allegations are present in her Amended Complaint despite the absence of particular facts, the Court is inclined to permit Oliver to file a more definite statement rather than order dismissal of her discrimination claims. This accords with the law's strong preference for meritorious outcomes over technical rulings, as well as Rule 12(e)'s mandate on handling vague or ambiguous pleadings. Oliver's next iteration of her complaint must specify the facts underlying her claims of discrimination, particularly the specific discriminatory acts Diamond Jacks has undertaken that demonstrate she was treated differently because of her race and age.

This will be Oliver's final opportunity to amend, so she must plead her best case. The Fifth Circuit "on multiple occasions has found no abuse of discretion where a district court declined to allow a third opportunity to amend a complaint." Angel v. La Joya Independent School District, 717 Fed. Appx. 372, 382 (5th Cir. 2017).

## CONCLUSION

Diamond Jacks' 12(e) Motion for a More Definite Statement is hereby **GRANTED**. Consequently, Diamond Jacks' Renewed Partial Motion to Dismiss is hereby **DENIED AS MOOT**. Oliver shall have fourteen (14) days to amend her Complaint to cure the above deficiencies. Failure to do so will result in dismissal of her defective claims with prejudice.

An order consistent with the instant memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 8th day of December, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT